FILED

JUL 0 9 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCO CHAVEZ-REYES,<br><br>Defendant. | ) Cr. No.  14-0654GT<br>)<br>) **ORDER**<br>)<br>) |

On June 26, 2014, Defendant, Marco Chavez-Reyes ("Mr. Chavez"), filed a Motion to Withdraw Guilty Plea ("Motion"). Essentially, Mr. Chavez argues that he was denied effective counsel because his counsel failed to adequately investigate his prior record and failed to accurately predict his applicable guideline range. For the reasons stated below, Mr. Chavez's Motion is **DENIED.**

Under Federal Criminal Rule 11(d)(2)(B) a defendant may withdraw his guilty plea if he can "show a fair and just reason for requesting the withdrawal. " If the basis of the withdrawal is erroneous or inadequate legal advice the defendant must show that proper advice "could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the [grounds for withdrawal] prior to pleading." United States v. Mayweather,

1  634 F.3d 498, 504 (9th Cir. 2010) *citing* United States v. Garcia, 401 F.3d 1008, 1011-1012 (9th Cir.
2  2010).

3       Mr. Chavez argues that his counsel did not adequately investigate his prior criminal history
4  and hence, miscalculated his applicable guideline range. Mr. Chavez states that the government
5  and his counsel "missed" his prior 2009 conviction for robbery which qualifies as a crime of
6  violence under § 2L1.2(b)(1)(C) and merits a sixteen level enhancement. He states that the parties
7  had calculated only an 8 level increase and not the sixteen level increase, which resulted in a much
8  lower expected guideline range. Essentially, Mr. Chavez argues that there was little benefit to him
9  of pleading guilty by way of plea agreement with the sixteen level enhancement. Mr. Chavez's
10  argument fails for several reasons.

11       First, Mr. Chavez was fully aware of the possibility that his sentence might be greater than
12  what the government and his attorney had predicted. The plea agreement repeatedly states that the
13  sentence is the sole discretion of the sentencing judge and that the judge may impose "the
14  maximum sentence possible." (Plea Agreement, pg 7). The plea agreement also clearly states that
15  if the judge does not "follow any of the parties' sentencing recommendations, defendant
16  nevertheless has no right to withdraw the plea." (Plea Agreement, pg 7). Additionally, the plea
17  agreement clearly states that the Specific Offense Characteristic is to be determined by the Court
18  at the time of sentencing. (Plea Agreement, pg 8). Moreover, during the plea colloquy, the Court
19  informed Mr. Chavez that it would make the final guideline calculation and determine the
20  appropriate sentence (Plea Transcript, pg11-12). The Court reiterated the fact that it was the sole
21  discretion of the judge to determine the sentence and the defendant had no right to withdraw his
22  guilty plea if the judge did not follow the parties' recommendations. (Plea Transcript, pg 11-12).
23  In short, Mr. Chavez was aware both by the plea agreement and the plea colloquy of the possibility
24  that his sentence might be greater than what was calculated or recommended by the parties.

25       Second, Mr. Chavez stands to benefit substantially by pleading guilty by way of plea
26  agreement whether the SOC is calculated as a +8 or +16. If the case proceeds by way of a plea
27  agreement, Mr. Chavez receives a - 3 for Acceptance of Responsibility and a -2 for Fast track. His
28

14cr0654

1   calculated guideline range with a SOC of  + 16, a criminal history category VI, and  these

2   deductions is 63-78 months.  Without these two deductions, which are the benefits of the plea

3   agreement, the resulting guideline range is 100-125 months.  Without more, no reasonable person

4   would choose the possibility of receiving a sentence almost double by not pleading guilty by way

5   of a plea agreement.

6       In conclusion, Mr. Chavez was aware of the possibility that his sentence may be greater than

7   what the parties anticipated.  Additionally, without more, no reasonable person would reject the

8   obvious benefits of pleading guilty by way of plea agreement because of the difference in the

9   calculated SOC.  Accordingly,

10      **IT IS ORDERED** that Mr. Chavez's Motion to Withdraw Guilty Plea is **DENIED.**

11      **IT IS FURTHER ORDERED** that the sentencing date is now set for August 14, 2014 at

12  9:30 am.

13      **IT IS SO ORDERED.**

14

15

16  **7/9/14**

17  date

    GORDON THOMPSON, JR.
    United States District Judge

18  cc:  All counsel and parties without counsel

19

20

21

22

23

24

25

26

27

28

3

14cr0654